IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARCUS BELL,

        Plaintiff,

v.

CLAYTON COUNTY POLICE
DEPARTMENT, et al.,

        Defendants.

1:14-cv-01242-WSD

**OPINION AND ORDER**

This matter is before the Court on the mandatory review of Marcus Bell's ("Plaintiff") Complaint [3] for frivolity pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.  BACKGROUND**

On April 24, 2014, Plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP").  On April 28, 2014, Magistrate Judge Janet F. King granted the Plaintiff's IFP application, and directed the clerk to submit this action to the Court for a frivolity determination.  The Complaint alleges that Defendants violated the Plaintiff's constitutional rights by shooting and injuring him during the course of an arrest.  Plaintiff seeks damages in the amount of $3.5 million for physical and emotional injuries, lost wages, deprivation of civil rights, and

defamation.  Plaintiff also seeks an unspecified amount in punitive damages.  Plaintiff's Complaint contains conclusory allegations of misconduct.  Plaintiff does not explain the circumstances that form the basis of his claims against the Defendants.  Nor does the Complaint assert any factual allegations that would support Plaintiff's claim that Defendants abused their authority and violated Plaintiff's constitutional rights.

## II.   DISCUSSION

### A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under [Section] 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se*

complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

### B. Analysis

Plaintiff's Complaint fails to allege any facts upon which relief can be granted. There are no allegations in the Complaint to support Plaintiff's conclusory assertion that he is a victim of police brutality or that the Defendants violated his constitutional rights. Plaintiff is therefore directed to file an amended complaint. That complaint is required to specify all claims that Plaintiff seeks to assert against each Defendant, and allege specific facts to support those claims. Plaintiff is required to file his amended complaint on or before June 16, 2014. Failure to file an amended complaint will result in the dismissal of this action.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall file, on or before June 16, 2014, an amended complaint that complies with this Order.

**SO ORDERED** this 2nd day of June 2014.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE